```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
                                                            :
              - v -                                         :      19-CR-189 (VSB)
                                                            :
                                                            :      **OPINION & ORDER**
                                                            :
ABDOULAYE DIALLO,                                           :
                                                            :
                            Defendant.                      :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

Before me is the motion of Abdoulaye Diallo ("Defendant" or "Diallo") pursuant to 18 U.S.C. § 3582(c)(1)(A), for compassionate release. Because Defendant has failed to demonstrate any extraordinary and compelling circumstances that would warrant the reduction of his sentence and early release, Diallo's motion for compassionate release is DENIED.

## I. Factual Background[1]

On January 8, 2019, of Abdoulaye Diallo and Joshua Torres were in a deli located at East 167th Street and Third Avenue in Bronx, NY. (PSR ¶ 8.) Surveillance video obtained from the deli showed that Diallo's backpack contained narcotics and drug paraphernalia. (*Id.* ¶ 9.) Torres reached into Diallo's backpack and removed what appeared to be an electronic scale at 12:56 a.m. (*Id.*) Torres used the scale to weigh something and was observed putting the substance into a plastic bag or foil. (*Id.*) After, Torres "engaged in what appeared to be a hand-to-hand sale of narcotics with customers inside of the deli." (*Id.*) Then, at approximately 1:10 a.m., Diallo

---

[1] The facts contained in this section are taken from Defendant's Presentence Investigation Report ("PSR").

handed the backpack to a deli employee. (*Id.*) At 1:30 a.m., four individuals confronted Diallo and Torres outside of the deli. (*Id.* ¶ 10.) Diallo and Torres appeared to have a verbal altercation with the four individuals. (*Id.*) Approximately a minute later, Diallo removed a firearm from the inside of his jacket and pulled back the slide of the weapon. Torres and one of the individuals ("Victim-1") walked out of the view of the surveillance camera. At 1:33 a.m., Victim-1 and Torres re-entered the view of the surveillance video; the individual "appeared to be running from Torres." (*Id.*) Torres then discharged the firearm, and the individual ran away.

The backpack Diallo had in his possession was recovered; it contained "an unspecified quantity of marijuana, several bags, and approximately $165 in small denominations." (*Id.* ¶ 11.) One .380-caliber shell casing was also found in front of the deli where Torres appeared to discharge the firearm. (*Id.*) Victim-1, later identified as a 19-year-old male, was taken to the hospital and treated for a single gunshot wound to the upper left thigh. (*Id.* ¶ 12.)

## II. Procedural History

A criminal complaint was filed against Diallo and Torres on January 17, 2019. (Doc. 1.) A one-count Information was subsequently filed against Diallo on March 19, 2019. (Doc. 12.) On March 19, 2019, Diallo appeared before Magistrate Judge James L. Cott and pled guilty to the conduct alleged in the Information pursuant to a plea agreement. (*See generally* Doc. 16.) Pursuant to 18 U.S.C. § 924(c)(1)(A)(i), Defendant's minimum term of imprisonment was 60 months. (PSR ¶ 58.) I sentenced Diallo on July 18, 2019, to 60 months' imprisonment, and five years of supervised release. Diallo is currently housed in Ray Brook FCI ("Ray Brook"), and his release date is August 8, 2023. *Find an Inmate*, Fed. Bureau of Prisons (last visited May 26, 2021), https://www.bop.gov/inmateloc/.

Diallo filed this pro se motion on June 6, 2020. (Doc. 25.) The Government filed its

opposition on August 24, 2020, (Doc. 27), and Diallo filed his reply on September 22, 2020, (Doc. 31).

### III. **Legal Standards**

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). Section 3582(c)(1)(A)(i) of title 18 of the United States Code, the compassionate release statute, provides one such exception. The compassionate release statute permits a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[2] 18 U.S.C. § 3582(c)(1)(A).

Until recently, a court could not order compassionate release unless the BOP requested such relief on a prisoner's behalf. *See* U.S.S.G. § 1B1.13; *see also Gotti*, 433 F. Supp. 3d at 614. However, in December 2018, Congress passed the First Step Act, which did away with BOP's unilateral ability to deny a prisoner compassionate release but did not remove the BOP from the process entirely. *See id.* The statute clearly states that a court may only grant compassionate release "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau

---

[2] The relevant Sentencing Commission policy statement is found in U.S.S.G. § 1B1.13, although I note that the Sentencing Guidelines have not yet been revised to take into account the First Step Act. *United States v. Russo*, 454 F. Supp. 3d 270, 273 (S.D.N.Y. 2020). However, the Second Circuit recently interpreted § 1B1.13 in light of the First Step Act, and concluded that when a "compassionate release motion is not brought by the BOP Director, Guideline § 1B1.13 does not, by its own terms, apply to it." *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020). "Because Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants, Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." *Id*. "However, courts remain free – even after *Brooker* – to look to § 1B1.13 for guidance in the exercise of their discretion." *United States v. Burman*, No. 16 Cr. 190 (PGG), 2021 WL 681401, at *5 (S.D.N.Y. Feb. 21, 2021) (internal quotation marks omitted).

of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Requiring inmates to exhaust their administrative remedies before seeking court intervention serves several purposes. First, it protects administrative agency authority by guaranteeing agencies the "opportunity to correct [their] own mistakes." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, it promotes efficiency, since claims "generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.*

"The provenance of an administrative exhaustion requirement determines its scope." *United States v. Monzon*, No. 99cr157 (DLC), 2020 WL 550220, at *1 (S.D.N.Y. Feb. 4, 2020). There are two types of exhaustion requirements: jurisdictional ones and non-jurisdictional ones. Jurisdictional exhaustion requirements "govern a court's adjudicatory authority" and are not subject to any exceptions. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (internal quotation marks omitted). Non-jurisdictional requirements, also referred to as "claim-processing rules," can be "forfeited if the party asserting the rule waits too long to raise the point." *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004). The Second Circuit has not yet squarely answered the question of whether the exhaustion requirement of § 3582(c) is jurisdictional.[3] *Monzon*, 2020 WL

---

[3] Other courts of appeal are split on the question of whether section 3582(c) as a whole is jurisdictional or non-jurisdictional. *Compare United States v. Castenada-Ulloa*, 818 F. App'x 813, 815–16 (10th Cir. 2020) (considering section 3582(c) a jurisdictional rule), *United States v. Freeman*, 659 F. App'x 94, 98 (3d Cir. 2016), *United States v. Spears*, 824 F.3d 908, 916 (9th Cir. 2016); *United States v. Williams*, 607 F.3d 1123, 1125–26 (6th Cir. 2010), *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010), *and United States v. Harris*, 574 F.3d 971, 972–73 (8th Cir. 2009), *with United States v. Harris*, 989 F.3d 908, 910–11 (11th Cir. 2021) (finding section 3582(c) exhaustion requirement non-jurisdictional), *United States v. May*, 855 F.3d 271, 274–75 (4th Cir. 2017) (considering section 3582(c) a claim-processing rule), *and United States v. Taylor*, 778 F.3d 667, 670 (7th Cir. 2015). And while the Second Circuit has not weighed in on whether the exhaustion requirement of section 3582(c)(1)(A) is jurisdictional, it has, "in a related context . . . firmly disagreed with the characterization by certain other circuits that § 3582(c)(2) is jurisdictional." *United States v. Haney*, 454 F. Supp. 3d 316, 319 (S.D.N.Y. 2020) (citing

550220, at *2.

**IV. Discussion**

**A. *Exhaustion***

The Government notes that on April 20, 2020, Diallo "filed a request with the institution requesting compassionate release and/or home confinement, and that request was denied the same day." (Govt. Opp. 2.)[4] Therefore, the Government appears to concede that Diallo has met the exhaustion requirement. Accordingly, I find that Defendant has satisfied the exhaustion requirement.

**B. *Extraordinary and Compelling Circumstances***

**1. Conditions at Fort Dix**

Diallo's motion for compassionate release relies entirely on the conditions at Fort Dix. Defendant contends that "[b]ecause of the unique housing arrangement at Fort Dix, which were not built as prison housing and filled beyond the building's designed capacity, inmates are at an increased risk" of contracting COVID-19. (Diallo Mot. 6.) While Diallo's motion for compassionate release was pending, he was transferred to Ray Brook. As such, "[n]ow that [Diallo] has been transferred, his reliance on the conditions at [Fort Dix] is moot." *United States v. Hooker*, No. 18 CR. 768 (RMB), 2020 WL 6504539, at *3 (S.D.N.Y. Nov. 5, 2020); *United States v. Gumbs*, No. 16-CR-821 (NSR), 2021 WL 1372964, at *1 (S.D.N.Y. Apr. 9, 2021)("[a]s [Defendant] has now been released from incarceration at [Fort Dix], and he is no longer facing conditions of confinement that place him at greater risk of contracting COVID-19, his motion is rendered moot."). In addition, as noted by the Government, Diallo "points to no risk factor that

---

*United States v. Johnson*, 732 F.3d 109, 116 n.11 (2d Cir. 2013)).

[4] "Govt. Opp." refers to the Government's memorandum in opposition to Diallo's motion for compassionate release dated August 24, 2020.

places him at a higher risk of developing severe illness should he contract COVID-19," (Doc. 27 at 5), and he is 23 years old and reported to the Probation Department that he has "'no history of serious illness or medical conditions.'" (*Id*.; PSR ¶ 42).

### 2. Section 3553(a) Factors

Even if Diallo were able to demonstrate extraordinary and compelling circumstances that counseled in favor of compassionate release, the factors under 18 U.S.C. § 3553(a) counsel against his release. Diallo's applicable guideline sentence was a minimum term of 60 months' imprisonment. (PSR ¶ 2(b).) I sentenced Diallo to the minimum term of imprisonment. (*See generally* Doc. 22.)

Diallo's conduct was extremely serious. Diallo possessed a firearm while participating in the sale of marijuana. In addition, Defendant removed the firearm from his backpack after getting into an argument  For the reasons stated in detail at Diallo's sentencing, which are incorporated by reference here, and those outlined above, I find that modifying Diallo's term of imprisonment would be inconsistent with the sentencing factors contained in Title 18, United States Code, Section 3553(a). Diallo's sentence reflected the seriousness of his conduct, the nature of the offense, and his personal history. I do not find that the circumstances have changed, including due the current health crises due to COVID-19, so dramatically as to warrant a sentence of time served.

### V.   Conclusion

For the reasons stated above, because I find that on the current record that Diallo's motion for compassionate release is moot insofar as he relies on the conditions at Fort Dix, he has not demonstrated that he is an increased risk of serious illness or death should he contract COVID-19, and the Section 3553(a) factors militate against reducing Diallo's sentence to time

6

served, Defendant's motion for compassionate release is DENIED. The Clerk's Office is directed to terminate docket entries 24, 25, and 31.

SO ORDERED.

Dated: May 27, 2021
      New York, New York

                                               Vernon S. Broderick
                                               United States District Judge